Jonathan A. Dessaules, State Bar No. 019439
Thomas A. Raccuia, State Bar No., 035630
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
traccuia@dessauleslaw.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Panico, | No. 2:21-cv-02060-MTM |
| Plaintiff, | |
| vs. | **STIPULATION TO FILE UNDER SEAL RE: JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER DISMISSING CASE** |
| Turnbull Law Group, LLC, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 5.2(d) and LRCiv 5.6, the parties, by and through their respective undersigned counsel, hereby stipulate and move this Court for entry of an Order to file under seal confidential portions of their Joint Motion for Approval of Settlement and Order Dismissing Case ("the Approval Motion"). The Approval Motion and its supporting exhibits contain confidential settlement information; specifically, the amounts paid as consideration to resolve the pending controversies.

The parties' dispute arises from the employment relationship between Turnbull Law Group, LLC ("TLG") and its past employee, Jamie Panico ("Panico"). Panico filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"). Because the FLSA requires, under the appurtenant circumstances, that the court approve a resolution of FLSA claims, the parties must submit the parties' settlement terms for consideration and approval. The parties intend their Approval Motion to seek and obtain such approval.

The parties conferred and agreed to permit the filing of the Approval Motion and its supporting exhibits (including their settlement agreement) provided the amount of the consideration afforded thereunder remains confidential and sealed. The parties do not seek to seal the entirety of the Approval Motion or their settlement agreement, only the specific amounts paid as consideration.  "[T]he legal requirement for a court to determine the fairness and reason of settlement agreements in FLSA cases takes such cases outside the general class of cases where settlement agreements ordinarily remain confidential," but courts may still seal the settlement *amounts* in FLSA cases. *See Johnson v. Bank of Am., N.A.*, 2017 WL 9988653, at *2 (May 30, 2017). This limited redaction in the public version of the Approval Motion and its supporting exhibits balances the public's general interest in inspecting judicial records and assuring that employees' wages are fair with various compelling interests including the general encouragement of settling individual claims and avoidance of "copycat" litigation by other employee-plaintiffs. *Id.* (citing *Hummel v. Bimbo Bakeries USA, Inc.*, 2015 WL 13738406, at *2-3 (N.D. Cal. Sept. 21, 2015)). Several other courts have followed similar reasoning and allowed the settlement amounts to be filed under seal. *See Benedict v. Hewlett-Packard Co.*, 2017 WL 9989251, at *3 (N.D. Cal. Jan. 4, 2017) (adopting *Hummel*'s approach); *Lovett v. Connect America.com*, 2015 WL 5334261, at *2 (E.D. Penn. Sept. 24, 2015) (sealing only settlement amounts in FLSA settlement); *Alzate v. Creative Man Painting LLC*, 2015 WL 789727, at *3 n.4 (D. Ariz. Feb. 25, 2015) (noting that the court kept the settlement amount confidential and under seal).

Just as in *Johnson*, this case involves a settlement of individual FLSA claims by Panico. The parties have a compelling interest to file and keep the settlement amounts under seal, and a failure to seal the amount of the settlement militates against the parties' willingness to settle the individual claims.  At the same time, the existence and other terms of the settlement will remain public and satisfy the general public interests involved.

Accordingly, the parties submit versions of both the putative "public" version (including redactions of the amount of the settlement) and unredacted "sealed" versions of the Approval

Motion (and its supporting exhibits) to this Court for approval and request only the redacted version be made public while the version containing specific settlement amounts be filed under seal. A proposed form of order for sealing the Approval Motion (and its supporting exhibits), a copy of the proposed, redacted "public" version of the Approval Motion is attached, and an unredacted "sealed" version of the Approval Motion is lodged concurrently with this Motion pursuant to LRCiv 5.6 and Section J. of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. The parties respectfully request that the Court sign and enter the proposed order submitted herewith so that the parties may proceed toward final settlement as agreed and intended.

DATED this 29th day of December 2021.

DESSAULES LAW GROUP                          JABURG WILK

By:   /s/ Jonathan A. Dessaules              By:   /s/ Jeffrey A. Silence (w/permission)
      Jonathan A. Dessaules                         Jeffrey A. Silence
      Thomas A. Raccuia                              Alden A. Thomas
      *Attorneys for Defendant*                      *Attorney for Plaintiff*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey A. Silence
Alden A. Thomas
JABURG WILK
3200 N Central Ave., 20th Fl.
Phoenix, Arizona 85012
jxs@jaburgwilk.com
aat@jaburgwilk.com
*Attorneys for Plaintiff*


  /s/ Hilary Narveson