**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Panico, | No. CV-21-02060-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Turnbull Law Group LLC, | |
| Defendant. | |

Before the Court is the parties' sealed joint motion for approval of settlement agreement and order dismissing case. (Doc. 14.) The Court approved the parties' joint motion to file an unredacted settlement agreement and joint motion under seal to shield the specific amounts paid in consideration for resolving this action (doc. 13). *See Johnson v. Bank of Am.*, No. CV-16-04410, 2017 WL 9988653, at *2 (D. Ariz. May 30, 2017) (granting leave to file an unredacted Fair Labor Standards Act settlement agreement under seal and publicly file a copy of the settlement agreement with only the settlement amounts redacted). The redacted settlement agreement is attached to the parties' initial motion to seal for public access. (Doc. 6-1.)

**I.     Background**

Plaintiff commenced this action with a one-count complaint, alleging she was not paid overtime wages as required by the FLSA. (Doc. 1 at 2–3.) As the parties discuss in their memorandum, "Plaintiff's FLSA claims turn largely on two legal issues: (i) whether Defendant[] improperly classified Plaintiff as exempt (under the highly compensated

employee exemption or otherwise) and (ii) the proper calculation of Plaintiff's unpaid wages (which would involve not only determining the amount of hours Plaintiff worked, but also resolving the method of calculation)." (Doc. 6-1 at 5.) Soon after Plaintiff filed her complaint, the parties reached a settlement. (Doc. 6.)

**II.     Discussion**

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Taylor v. AFS Techs., Inc.*, No. CV-09-2567, 2010 WL 2079750, at *1 (D. Ariz. May 24, 2010) (quoting *Prater v. Com. Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec.8, 2008)). A court should "approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a *bona fide* dispute under the FLSA." *Lockwood v. R&M Towing LLC*, No. CV-19-4812, 2020 WL 5724383, at *2 (D. Ariz. Sept. 24, 2020) (citing *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)).

First, "a *bona fide* dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" *Id.* (citation omitted). Though Defendant did not answer Plaintiff's complaint to dispute her allegations before the parties reached a settlement, Defendant would have contested the issues on which Plaintiff's claim lies. Plaintiff also "recognizes that obtaining a final ruling on [the improper-classification] issue is not a foregone conclusion, could have been the subject of extensive litigation, and could have resulted in no recovery at all." (Doc. 6-1 at 6.) Further, both parties recognize the evidentiary hurdles each side would have to overcome regarding the proper calculation of Plaintiff's allegedly unpaid wages. (Doc. 6-1 at 6.) Plaintiff's case, therefore, may not end in her favor. *See Lockwood*, 2020 WL 5724383, at *2 ("There must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their FLSA claims.'" (citations omitted) (alteration omitted)). Accordingly, a *bona fide* dispute exists between the parties.

Second, though there are no universally used "factors to consider in evaluating a

proposed FLSA settlement," for whether it is fair and reasonable, *id.*, some factors courts have looked at are: "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016) (citations omitted). Other courts have focused more on "the strength of the plaintiff's case, the amount offered in settlement, and the scope of any release provision in the agreement." *Lockwood*, 2020 WL 5724383, at *2. Ultimately, courts evaluate whether a settlement agreement of FLSA claims is fair and reasonable under the totality of the circumstances. *Selk*, 159 F. Supp. 3d at 1173.

The Court finds the parties' settlement agreement is fair and reasonable. The agreement requires Defendant to pay an amount falling within Plaintiff's range of possible outcomes, including attorney fees and costs. The amount recognizes that while Plaintiff may have strong arguments for her case, she would have challenges providing evidence to firmly establish Defendant owes what she claims. The parties would have vigorously contested Plaintiff's claim, and it is unknown which way the case would tip if it went to trial. The settlement agreement does not appear to be the result of any fraud or collusion, and instead represents a resolution the parties achieved through arms-length negotiations conducted in good faith.

Having found the parties' settlement agreement represents a fair and reasonable resolution of the issues in a *bona fide* dispute between the parties, the Court will grant the motion and dismiss the case.

**III.   Conclusion**

**IT IS ORDERED** the parties' sealed motion for approval of settlement and order dismissing case (doc. 14) is **GRANTED**. This action is **DISMISED WITH PREJUDICE**.

//

//

**IT IS FURTHER ORDERED** the Clerk of the Court is directed to terminate this action.

Dated this 24th day of January, 2022.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge